OPINION JUDGMENT ENTRY
{¶ 1} Appellant Amy Gaugler is the natural mother of Shyanne Gaugler, who was born on December 20, 2003. Appellant appeals from an order of the trial court which terminated her parental rights in Shyanne, and gave permanent custody of the child to appellee Stark County Department of Job and Family Services. Appellant assigns two errors to the trial court:
 {¶ 2} "I. The trial court abused its discretion and/or erred as a matter of law when it failed to grant custody of the minor child to a relative, alicia guy.
 {¶ 3} "II. The trial court committed prejudicial error by failing to require the guardian ad litem to faithfully discharge her duties pursuant to Stark County Common Pleas family court division local rules and ohio revised code section 2151.281."
 {¶ 4} The trial court found appellee first received custody of the child on December 22, 2003. Shyanne was found to be an abused child because she was born addicted to crack-cocaine. There was no named alleged father, because mother could identify him only as "James". No John-Doe father has appeared at any hearing in this matter although proper service was made.
 {¶ 5} Mother has lost six other children to appellee. No parent has completed a case plan, and the child has been in the continual care and custody since the shelter-care hearing. Mother did not attend her scheduled visitation with the child, and has not maintained contact with the agency. The child has not bonded with the mother.
 {¶ 6} Shyanne has been in placement with the same foster-to-adopt family since she was discharged from the hospital. The child is doing well. The prospective adoptive parents indicated to the case worker they are friends with some of the families who have custody of some of Shyanne's siblings, and that the parties would keep the children in contact with one another.
 {¶ 7} The court found Alisa Guy testified she is a blood relation of appellant's adoptive mother, and would be interested in taking Shyanne. The court found Alisa Guy and her husband were previously denied as foster parents because the husband has a criminal history. Appellee testified the home contained six people, and was found inappropriate for foster placement.
 {¶ 8} The trial court accepted the guardian ad litem's report over appellant's objection. The guardian has been involved with all cases involving the previous six children, and the guardian recommended permanent custody to be granted to appellee so Shyanne may be adopted.
 {¶ 9} The trial court found it was in the best interest of Shyanne to give permanent custody of her to appellee for purposes of adoption. The court found to extend temporary custody of Shyanne in order to allow the parents more time to work on the case plan is not in the child's best interest, because it is apparent from the evidence the parents will not be able to remedy the initial problems in any time within the foreseeable future.
 I {¶ 10} In her first assignment of error, appellant argues the court abused its discretion and erred as a matter of law when it overruled appellant's motion to grant custody of Shyanne to Alisa Guy.
 {¶ 11} Appellee alleges appellant's motion to change legal custody of Shyanne to Ms. Guy was untimely, and appellant had not served all necessary parties. Appellee did not object to the motion and waived the requisite time period in order to litigate the issue at the time of trial.
 {¶ 12} R.C. 2151.412 provides if both parents abandon the child, relinquish custody of the child, become incapable caring for the child, or have a detrimental effect on the health, safety and best interest of the child, the child should be placed in the legal custody of a suitable member of the child's extended family. If the child cannot be placed with the child's parents, and if no suitable member of the child's extended family or suitable non-relative is available, the child should be committed to the permanent custody of the public children's services agency or a private child placement agency. Appellant concedes this language is precatory rather than mandatory, and sets forth criteria the court should consider in determining placement of the child, In Re: The Matter of Devante Ray and JequanRollinson (April 27, 1998), Stark Appellate No. 97-CA-00243.
 {¶ 13} The on-going worker assigned by appellee testified appellee conducted an investigation into the possibility of placing Shyanne with Ms. Guy. The agency denied placement partially upon the family's inability to be approved as foster parents. Ms. Guy testified the family was ineligible until sufficient time had passed since her husband's criminal conviction. In spite of the fact the family was unable to meet the requirements to become foster parents, appellee did a home study for placement. The home study found the structure of the home was appropriate but there was no available space for Shyanne. At the hearing, Ms. Guy testified the baby would be in her bedroom until she became older, and then she would share a room with a sibling.
 {¶ 14} Ms. Guy testified she did not approve of appellant's actions but would encourage contact between appellant and the child. The guardian ad litem expressed concern because she believed it was not safe for appellant to have access to the child. The guardian testified it would harmful for Shyanne to be in a state of disruption and lack of permancy that arises when there are residual parental rights.
 {¶ 15} We find the trial court properly determined Ms. Guy was not an appropriate placement for this child. Accordingly, the first assignment of error is overruled.
 II {¶ 16} In her second assignment of error, appellant argues the guardian ad litem did not properly discharge her duties pursuant to R.C. 2151.281 and local Family Court rules.
 {¶ 17} Loc. DR 17.02 sets forth the minimum duties for a guardian ad litem. They are: 1. Meet with the child at least once before the dispositional hearing, or state in his or her report why this is unnecessary or impractical; 2. Observe the child interact with each parent and/or custodian, or state why this is impractical or unnecessary in the report; 3. Speak with other persons and contact the foster family; and 4. Submit to the court a written report no less than seven days prior to the dispositional hearing, and serve a copy on all counsel. The guardian's report does not state whether she observed the child with each parent or custodian, or state why it was impractical or unnecessary. The guardian testified she had never seen the baby or the foster-to-adopt home. The guardian testified she had spoken with the foster parents at the hearings, and had not contacted appellant. Appellant had never contacted the guardian, but the guardian conceded this was probably because appellant did not know she was the assigned guardian.
 {¶ 18} From the guardian's report, it is clear the guardian is very familiar with appellant and her prior history. The report lists lack of housing, transients, domestic violence, prostitution, substance abuse, criminal drug involvement, and jail incarceration as issues in the past. The guardian recites mother had never worked on any of the case plans given her. The guardian expressed the opinion the only time appellant comes to court is when she is incarcerated and the court has transported her for hearings. The guardian stated appellant did not show any interest in her children.
 {¶ 19} The guardian testified it was not possible for her to interview a child 2½ months old. The guardian further testified she had met with the foster care providers at the prior hearing and discussed the medical concerns of the child, and talked about the feedings and basic needs of the child. She indicated she had spoken with the case worker assigned by appellee to monitor the case.
 {¶ 20} The trial court found the report of the guardian ad litem should be admitted because the guardian was fully informed as to the circumstances of the mother's inability to parent her children.
 {¶ 21} We find the trial court did not err in overruling the objection of appellant to the report of the children's guardian ad litem, and did not err in accepting testimony and the report from the guardian ad litem.
 {¶ 22} The second assignment of error is overruled.
 {¶ 23} For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, is affirmed, and the cause is remanded to that court for further proceedings in accord with law.
Gwin, P.J., Hoffman, J., and Farmer, J., concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas, Juvenile Division, of Stark County, Ohio, is affirmed, and the cause is remanded to that court for further proceedings in accord with law. Costs to appellant.